## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALBERT WATERS and** | : | **CIVIL ACTION** |
| **LISA WATERS, Husband and Wife** | : | |
| | : | **NO. 05-6265** |
| v. | : | |
| | : | |
| **NMC WOLLARD, INC.,** *et al* | : | |

### ORDER

**AND NOW**, this 8th day of December, 2005, upon consideration of the Notice of Removal (Document No. 1), it is **ORDERED** that this action is **REMANDED** to the Philadelphia Court of Common Pleas.[1]

                                                    s/Timothy J. Savage
                                              TIMOTHY J. SAVAGE, J.

---

[1] The defendant Hobart Brothers Company, one of eight named defendants, has removed this action from the state court, contending that the federal court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. It is the defendant's burden to establish that removal was proper. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). If at any time it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

    Keeping in mind that the removal statute, 28 U.S.C. § 1441(a), is to be strictly construed against removal and doubts must be resolved in favor of remand, we cannot conclude that the amount in controversy threshold has been met. In its notice of removal, Hobart acknowledges that the Writ of Summons claims damages in excess of $50,000.00 and no more. Hobart further states that it believes that the amount in controversy exceeds $75,000.00. However, there is nothing to support this speculative conclusion.